678 A.2d 414

**Robert G. LYNCH, Wilbert E. Mader and Douglas J. Ravas, Appellees,**

**v.**

**BRIDGES & COMPANY, INC., Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1996.

Filed June 26, 1996.

94

David M. Priselac, Turtle Creek, for appellant.

Todd T. Zwikl, Coraopolis, for Douglas J. Ravas, appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

DEL SOLE, Judge.

Appellees are employees of a subcontractor who was hired to perform work at a construction site in Maryland. The employees worked weekdays, and on weekends returned home to Pittsburgh, leaving the tools they personally owned in a locked "job box" at the Maryland site. Following a dispute between Appellees' employer/subcontractor and the contractor, Appellant, the subcontractor instructed the Appellees not to return to the job site on Monday morning. Subsequently, Appellant refused Appellees' repeated requests to return the job box. When the box was eventually returned, the lock had been broken and 90% of the tools were missing.

Appellees instituted an action for the replacement value of their missing tools and the trial court entered a non-jury verdict for Appellees in the amount of $1,864.00. This appeal follows the entry of judgment.

Appellant raises two issues on appeal. First Appellant alleges that the court erred in awarding replacement value for the tools rather than market value at the time of loss. Second, Appellant questions whether Appellees presented sufficient evidence that a bailment existed by merely testifying that some of their tools were not returned by Appellant.

 While the measure of damages for conversion is the market value of the converted property at the time and place of conversion, such a value is often unascertainable. *Bank of Landisburg v. Burruss*, 362 Pa.Super. 317, 524 A.2d 896, 899 (1987) *alloc. denied*, 516 Pa. 625, 532 A.2d 436 (1987). It is also well-settled that mere uncertainty as to the amount of damages will not bar recovery where it is clear that the damages are the result of defendant's conduct. *Pugh v. Holmes*, 486 Pa. 272, 405 A.2d 897, 909–910 (1979). In addition, replacement cost as the measure of damages has been a long-established exception to the general rule as to market value of personal belongings:

> What a thing will bring in the market at a given time is perhaps the measure of its value then; but it is not the only one. Many of the goods for which compensation is here asked were of such a character that their market value could not compensate for their loss, as, for instance, clothing and other personal belongings. It cannot be said that they had no value in the open market, since at public auction they would most likely have brought something, but manifestly the price they would have there commanded would not represent their value to the owner ... Where this is the case the just rule of damages is the actual value of the thing destroyed to him who owns it, taking into account its cost, the practicality and expense of replacing it, and such other consideration as in the particular case affect its value to the owner.

*Lloyd v. Haugh & Keenan Storage & Transfer Co.*, 223 Pa. 148, 72 A. 516, 518 (1909).

In the instant case the evidence was that the tools were not new, and probably had little market value. Appellant asserts therefore, that the tools are not worth the amount of damages awarded by the trial court. We disagree. Because the tools were old and had little market value does not mean that the tools were valueless, and that damages cannot be recovered by Appellees. The trial judge, siting as fact finder has broad discretion to determine damages in conversion cases. "Indeed, it is the traditional function of the fact finder in conversion actions to estimate damages." *Penn Electric Supply Co., Inc. v. Billows Electric Supply Co., Inc.*, 364 Pa.Super. 544, 528 A.2d 643, 646 (1987). Furthermore, we held in *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa.Super. 90, 464 A.2d 1243 (1983):

> Though justice and public policy require that the wrongdoer bear the risk of uncertainty which his own wrong has created and which prevents the precise computation of damages, the fact-finder still may not render a verdict based on speculation or guesswork. Yet, the fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable and inferential, as well as upon direct and positive, proof. Thus, the law does not demand that the estimation of damages be completely free of all elements of speculation.

Each Appellee was required as a condition of employment, to personally own various hand tools, such as hammers, screwdrivers and ratchets. Because neither the contractor nor the subcontractor supplied tools to the employees, Appellees would be unable to work without possessing these tools. Appellees admitted at trial that most of the tools at issue were not new, and would have little or no market value. In *Pikunse v. Kopchinski*, 429 Pa.Super. 46, 631 A.2d 1049 (1993), we addressed the same argument raised by Appellant herein. In *Pikunse*, although the landlord who discarded the tenant's property claimed that the articles were old and not worth the damages awarded by the trial court, we disagreed. We held that recovery was not precluded merely because the

damages awarded to appellee for her loss were estimated by the trial court. *Id.*, 631 A.2d at 1051. Similarly, in the instant case we agree with the Honorable Lee Mazur that Appellees have suffered an actual loss, and the true measure of damages is the cost of replacing the missing tools. In circumstances where there exists no "market" for the goods lost, it is permissible to measure damages by replacement costs.

In the second issue raised on appeal, Appellant alleges that there was no evidence at trial that it failed to take the required measures to protect the tools from loss or harm. In addition, Appellant argues that it is not a bailee. It is well settled that an appellate court will not consider on appeal issues not raised in the trial court. Appellant's arguments were never raised at trial or in post trial motions and are therefore waived. Even if we were to consider the arguments on the merits, we would find them to be meritless. The evidence adduced at trial reveals that the tools were left at Appellant's job site. Appellant admitted to having a locksmith pry the locks open on the job box and removing the gang box from the site. Appellant's witness also admitted that the box was full when he first encountered it and empty when Appellees remaining tools were returned to them. Therefore, we cannot agree with Appellant's contentions.

Judgment affirmed.