**Purpura v. Barton Heights Veterinary Hospital**

C.P. of Monroe County, No. 9358 CV 2014

*Tullio DeLuca,* for plaintiff.
*Michael P. Shay* and *Sharon F. Harvey,* for defendants.

ZULICK, *J.,* April 30, 2015—This matter comes before the court on defendants' preliminary objections to plaintiffs' complaint. Plaintiffs Peter and Kathleen Purpura commenced this tort action by complaint filed on November 12, 2014. The Purpuras allege that defendants Abby Worton, DVM and Sean Ott, DVM, both employed by defendant Barton Heights Veterinary Hospital (Barton Heights), incorrectly diagnosed the condition of plaintiffs' pet dog and subjected the dog to surgeries that caused it further harm. Dr. Worton filed preliminary objections on November 26, 2014 arguing that plaintiffs' demand for punitive damages failed to conform to law or rule of court, or was legally insufficient; that the statute of limitations precludes plaintiffs' claim against Worton; and that plaintiffs' complaint does not contain a notice to plead. Plaintiffs filed a reply on December 10, 2014. Dr. Worton withdrew her preliminary objections by praecipe filed on December 19, 2014.

On January 12, 2015, all defendants filed preliminary objections. The January 12 preliminary objections argue that plaintiffs' request for punitive damages was improper and legally insufficient, failing to conform to law, and scandalous or impertinent matter; that plaintiffs' request

for damages for the physical pain of their dog failed to conform to law and was scandalous or impertinent matter; that plaintiffs' request for veterinary expenses failed to conform to law and was scandalous or impertinent matter; and that the complaint was insufficiently specific as it did not itemize and describe the measure of damages.

Dr. Worton again filed preliminary objections[1] on January 14, 2015, arguing that plaintiffs' request for punitive damages was legally insufficient or scandalous or impertinent matter; that the statute of limitations bars plaintiffs' claim as to Worton; and that plaintiffs' claim for damages relating to the physical pain of the dog are legally insufficient. All parties filed briefs relating to both sets of preliminary objections, and oral arguments were held in this court on April 6, 2015. Plaintiffs did not object to Dr. Worton's "double" preliminary objections by different defense counsel; or that she withdrew her initial objections and re-filed them. Her objections filed by defense counsel representing her separately from the other defendants will be considered here.

The facts as alleged in the complaint are as follows. On October 25, 2012, plaintiffs took their dog to Barton Heights Veterinary Hospital. Complaint ¶ 8. Dr. Worton recommended removal of a mass in the dog's rectum and suggested possible diagnoses of lipoma, adenoma/ adenocarcinoma, epithelioma, and follicular neoplasia. *Id.* On November 7, 2012, plaintiffs returned to Barton Heights stating that the lump near the dog's rectum had

---

1. The record indicates that defendant Worton's first preliminary objections were stricken from the January argument list.

increased in size. *Id.* at ¶ 9. Dr. Ott examined the dog and noted a tentative diagnosis of "peri anal gland adenoma" and recommended immediate surgical removal. *Id.* The dog underwent surgery on November 13, 2012. Dr. Ott performed the surgery, "noting that an opened neuter with scrotal ablation was performed, as well as removal of "a 4x3 cm very vascular, irregular, multilobulate mass." *Id.* at ¶ 10. Dr. Ott noted further that "one side of the mass was attached to the right side of the colon and/or muscle wall supporting colon, with no perineal (sic) hernia being found." *Id.*

The same day, plaintiffs returned to Barton Heights stating that the dog was unable to urinate. Complaint at ¶ 11. The dog was examined by Jeremy Wentz, DVM, who diagnosed a urethral obstruction due to the earlier surgery. *Id.* He further recommended that the dog be placed under anesthesia to try to pass a urinary catheter, and, if that was not successful, to explore the surgical site through a second surgery. Dr. Ott assisted Dr. Wentz; however, they were not able to pass the catheter, and they proceeded to surgery on November 14, 2012. Wentz and Ott performed a wound exploration/bladder marsupialization on the dog; at the time of surgery, it was discovered that a transection of the mid-urethra had resulted from the previous surgery performed by Dr. Ott. *Id.* at ¶ 13. The November 15, 2012 histopathology report states that the dog's prostate gland was also removed during the original surgery. *Id.* at ¶ 15. As a result of the actions of Dr. Ott, including the unnecessary removal of the dog's prostate and transection of the urethra, a tube was required to be placed for purposes of removing urine. *Id.* at ¶16. The tube will have to be replaced every

six months. *Id.* at ¶ 17.

## DISCUSSION

### Punitive Damages

All defendants first object to plaintiffs' request for punitive damages. The standard for demurrer is "whether, on the facts averred, the law says with certainty that no recovery is possible." *Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 613 A.2d 1235, 1238 (Pa. Super. 1992). "Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer." *Id.*

"Punitive damages may be awarded for conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others.... As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). Furthermore, "this court has stressed that, when assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless, or malicious." *Id.*

A review of plaintiffs' complaint reveals no suggestion that any of defendants' actions were intentional, reckless, or malicious. Counts I and II are explicitly entitled "negligence." Count III against Barton Heights states that Barton Heights was negligent in supervising and training its veterinarians. The use of the words "tortious misconduct" within the complaint does not indicate an

intentional or reckless act that could justify a request for punitive damages. This preliminary objection will be sustained.

Statute of Limitations

Dr. Worton next argues that the claim against her is barred by the statute of limitations. She diagnosed the dog on October 25, 2012, and did not treat the dog again. The complaint was filed on November 12, 2014. The statute of limitations for a negligence action is two years. 42 Pa.C.S. Section 5524. Plaintiffs correctly point out that the statute of limitations is an affirmative defense that must be pleaded as new matter, pursuant to Pa.R.C.P. 1030. *See also Farinacci v. Beaver County Indus. Development Authority*, 511 A.2d 757, 758-59 (Pa. 1986).

However, "[w]here a party erroneously asserts substantive defenses in preliminary objections rather than to [sic] raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections." *Preiser v. Rosenzweig*, 418 Pa. Super. 341, 614 A.2d 303, 305 (1992); *Borough of Nanty Glo v. Fatula*, 826 A.2d 58, (Pa.Cmwlth.2003). Plaintiffs did not file preliminary objections, so Dr. Worton's statute of limitations defense may be considered at this juncture.

Plaintiffs respond to her statute of limitations defense by citing the discovery rule. The discovery rule applies to toll the limitations period if the jury finds "the plaintiff's suit was filed within two years of the date from which

the plaintiff could have first reasonably discovered (his or her damages) and that it [sic] was caused by the conduct of another person." *Wilson v. El-Daief*, 964 A.2d 354, 364 (Pa.2009). Factual issues pertaining to the plaintiff's notice and diligence are for the jury. *See Fine v. Checcio*, 870 A.2d 850 (Pa.2005), *Wilson v. El-Daief*, 600 Pa. 161, 181, 964 A.2d 354, 365-366 (Pa.2009).

Here, plaintiffs contend that they were misled by Dr. Worton's initial advice, and it was not until after the second surgery was performed, on November 14, 2012, that the Purpuras were aware that there was a misdiagnosis and professional negligence.

This objection will be denied due to factual questions of when plaintiffs reasonably should have discovered their cause of action.

Objection to Claim for Dog's Severe Physical Pain

Defendants object to Paragraph 36 of the complaint, which alleges:

36. As a further result of the defendant's negligent and tortious misconduct, plaintiff's pet dog, Floyd, has been obliged to endure severe physical pain and will continue to suffer same for an indefinite time in the future, to plaintiff's great detriment and loss.

Complaint, ¶ 36.

Defendants argue that Pennsylvania does not recognize a cause of action for pain and suffering of an animal. Plaintiffs respond that this allegation is present to support plaintiffs' claim for punitive damages.

The "Dog Law" 3 Pa.C.S. § 459-102 defines a dog as "(t)he genus and species known as Canis familiaris". 3 Pa.C.S. § 459-601 (a) states *inter alia*, "All dogs are hereby declared to be personal property..." Plaintiffs have not cited any cases authorizing a cause of action for pain and suffering of an animal. The superior court has bluntly held that "(u)nder no circumstances, under the law of Pennsylvania, may there be recovery for loss of companionship due to the death of an animal." *Daughen v. Fox*, 539 A.2d 858, 865 (Pa. Super. 1988). The *Daughen* case dealt with a dog that allegedly died due to veterinarian malpractice.

Paragraph 36 of the complaint will be stricken as impertinent matter, pursuant to P.R.C.P. 1028 (a)(2). The claim for punitive damages is being dismissed; Pennsylvania does not recognize a claim for pain and suffering of an animal, nor a claim for loss of companionship of an animal.

Measure of Compensatory Damages

Finally, the defendants argue that the plaintiffs' complaint does not conform to law as plaintiffs seek recompense for the dog's pain and suffering and their own emotional distress, as well as damages based on veterinary expenses. Defendants also contend that the plaintiffs failed to itemize their damages. As has been discussed, plaintiffs' allegations supporting a claim for punitive damages for veterinarians' negligence, their dog's pain and suffering and loss of companionship of their dog will be stricken.

"Under Pennsylvania law, a dog is personal property." *Daughen v. Fox*, 539 A.2d 858, 864 (Pa. Super. 1988). The fundamental purpose of damages for an injury

to or destruction of property by tortious conduct of another is to compensate the injured party for actual loss suffered. *Commonwealth of Pennsylvania, Department of Transportation v. Crea Estate*, 483 A.2d 996 (Pa. Cmwlth.1977). Where the property has been destroyed, the measure of damages would be the value of the property prior to its destruction. *See Miller v. C.P. Centers, Inc.*, 483 A.2d 912 (Pa. Super. 1984).

Here, the Purpura's dog was not killed by the alleged malpractice, but required a second surgery, and "it will be necessary to have the tube which has been inserted in the pet dog in order to remove urine from his system, replaced approximately every 6 months." Complaint, ¶ 17.

There are several different methods to calculate damages arising from personal property which has not been destroyed. In one method, the plaintiffs must prove what the property was worth before the incident, and what the property was worth afterwards. *See Vogler v. Harrisburg Rys. Co.*, 85 Pa. Super. 483, 487 (1925). Where market value is unascertainable, replacement cost is often an acceptable alternative for measuring damages to personal property. *See Pennsylvania Dept. of General Services v. U.S. Mineral Products, Co.*, 898 A.2d 590, 613 (Pa. 2006); *Lynch v. Bridges & Co., Inc.*, 678 A.2d 414, 415 (Pa. Super. 1996). Cost of repair is also a method used to determine damages. *Romesburg v. Caplan Iron & Steel Co.*, 122 A.2d 53, 54 (Pa. 1956). However, if the cost of repair exceeds the property's fair market value, fair market value is the measure of damages. *Pennsylvania Dept. of General Services v. U.S. Mineral Products Co.* 898 A.2d 590, 596 (Pa. 2006).

Plaintiff's complaint is not sufficiently specific as to damages. Plaintiffs have not set forth the fair market value of their dog at the time of injury nor have they itemized the cost of veterinary treatment to remedy the injury caused by the alleged malpractice. To the extent that this treatment, including future veterinary expenses, exceeds the fair market value of their dog at the time of the injury, their damages will be limited to that fair market value. This objection will be sustained.

## ORDER

And now, this 30th day of April, 2015, upon consideration of the defendants' preliminary objections, plaintiffs' response thereto, and the briefs and arguments of all parties, it is ordered as follows:

1. The defendants' demurrers as to plaintiffs' request for punitive damages are sustained and that claim is stricken.

2. Defendant Abby Worton's preliminary objection regarding the statute of limitations is denied.

3. The defendants' preliminary objection for lack of specificity is sustained and Paragraph 36 of the complaint is stricken.

4. The defendants' preliminary objection regarding the plaintiffs' calculation of compensatory damages is sustained. Plaintiffs' claims for unliquidated damages are stricken.

5. The plaintiffs shall have twenty days in which to amend their complaint in accordance with the accompanying opinion. Plaintiffs shall include a notice to plead with the amended complaint.