J-A12036-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| ALBERT E. CUNEO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FINANCIAL DIMENSIONS, INC. | |
| Appellee | No. 1518 WDA 2016 |

Appeal from the Order September 8, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-16-1258

BEFORE: OLSON, SOLANO and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:                    FILED: OCTOBER 23, 2017

Appellant, Albert E. Cuneo, appeals pro se from the order entered on September 8, 2016, granting a motion for judgment on the pleadings filed by Financial Dimensions, Inc. ("Financial Dimensions"). Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows. As gleaned from the record, in April 2015, Appellant parked his girlfriend's pick-up truck in Financial Dimensions' parking lot and left it there while he reported to work as a commercial truck driver. After the West Mifflin Police Department received a telephone call about the vehicle, a towing company removed it from Financial Dimensions' lot.

On June 3, 2015, Appellant was convicted, in Magisterial District Court, of the summary offense of abandonment of vehicles pursuant to 75

Pa.C.S.A. § 3712. Appellant statutorily appealed that decision to the Court of Common Pleas of Allegheny County, wherein the trial court vacated the conviction after the Commonwealth failed to present witnesses against Appellant.

Thereafter, on April 11, 2016, Appellant filed a civil complaint against Financial Dimensions with the Magisterial District Court. Appellant alleged that an agent of Financial Dimensions told him he could park in the lot, but later called West Mifflin police to report that Appellant had abandoned the pick-up truck. Moreover, Appellant alleged that Financial Dimensions' agent provided false information to the police about the length of time Appellant the vehicle remained at the lot. Following a hearing, the magistrate entered an order on March 3, 2016, granting judgment in favor of Financial Dimensions.

On March 28, 2016, Appellant appealed that decision to the Court of Common Pleas of Allegheny County. On April 11, 2016, Appellant filed a four-count complaint with the trial court against Financial Dimensions, alleging: (1) negligence seeking damages resulting from defense of false charges; (2) interference with business and contractual relationships; (3) trespass upon person and moveable property; and, (4) conversion of time, money and legal rights. In response, Financial Dimensions filed an answer, new matter, and counterclaim. Appellant filed preliminary objections to Financial Dimensions' counterclaim, which the trial court denied. Upon review of the record, Appellant served various subpoenas on Financial

Dimensions, Financial Dimensions' landlord, the Pennsylvania Department of Transportation, the West Mifflin Police Department, Appellant's girlfriend, and the truck dealership where his girlfriend purchased the vehicle in question. At the close of discovery, both parties filed motions for judgment on the pleadings.

On September 8, 2016, the trial court entered an order, with an accompanying memorandum, that granted Financial Dimensions' motion for judgment on the pleadings and dismissed Appellant's complaint with prejudice. This timely pro se appeal resulted.[1] On appeal, Appellant presents the following issues, pro se, for our review:

I.    In considering an abandoned vehicle, does the Department of Transportation (Department) or any other law presume a land owner or one in control of private land, be in possession of the vehicle because of where the vehicle is parked?

II.   Can possession of an abandoned vehicle manifest to one who controls private land in a manner of giving authority to sign a [v]ehicle processing form which consigns, or in any way transfers possession of the vehicle to law enforcement agents for removal and any other legal process?

III.  Did the trial court give a fair and full review and reach a correct disposition of [Financial Dimensions'] motion for

---

[1]  Appellant filed a pro se notice of appeal on October 6, 2016. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, the trial court entered an order on October 20, 2016, citing Pa.R.A.P. 1925(a), wherein it relied upon its earlier, September 8, 2016 memorandum in support of its decision to dismiss Appellant's complaint with prejudice.

judgment on pleadings in making its dispositive judgment in this matter?

IV. Did the trial court give a fair and full review and correct disposition of [Appellant's] motion for judgment on the pleadings in making its dispositive judgment in this matter?

V. Did the trial court following review and disposition of [Financial Dimensions'] motion for judgment on the pleadings follow standard Pennsylvania [p]ractice to afford [Appellant] opportunity to amend his pleadings for re-service, and thereafter to receive an amended answer to the amended pleas and additional actions?

VI. Did the trial court err by not permitting pleading amendment for causes of action which could have resulted in recovery under any theory as prescribed under relevant Supreme Court procedural rule dispositions?

VII. Did the trial court cause prejudice in the proceeding against [Appellant]?

VIII. Does a private property owner become liable for trespass or conversion if [the] lawful procedure of removing any vehicle from private property is not properly administered?

Appellant's Brief at 8-9 (parenthetical and suggested answers omitted).

Initially we note that Appellant failed to follow the rules of appellate procedure by dividing the argument section of his brief to this Court to correspond with the questions presented. See Graziani v. Randolph, 856 A.2d 1212, 1216 (Pa. Super. 2004) (noting a brief containing argument sections that do not clearly correspond to the questions presented violates Pa.R.A.P. 2116(a)). We remind Appellant that, "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." Wilkins v. Marsico, 903

- 4 -

A.2d 1281, 1284–1285 (Pa. Super. 2006) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." Id. However, here, to the extent that Appellant's arguments address the issues presented, we will examine them. See Lundy v. Manchel, 865 A.2d 850, 855 (Pa. Super. 2004) (addressing the merits of an appellant's arguments to the extent they were similar to the questions presented).

Appellant's arguments are somewhat confusing, but overarching, so we will examine them all together. Essentially, Appellant is challenging the trial court's decision to dismiss his complaint for a lack of viable causes of legal action. He claims there was no legal justification for an agent of Financial Dimensions to call the police to have the vehicle towed and that under the doctrine of respondeat superior, Financial Dimensions and the West Mifflin Police Department were responsible for his damages. Appellant's Brief at 29, 33-36. Appellant avers that someone from Financial Dimensions gave him permission to park in Financial Dimensions' parking lot and, thus, he suggests he was a licensee and privileged to park there. Id. at 30-31. Appellant argues that Financial Dimensions, as possessor of the land, was subject to liability for harm caused by dangerous conditions therein. Id. at 31. Appellant proposes that Financial Dimensions "created its own danger" by: (1) not knowing how long the automobile had been on its property, and; (2) "erect[ing] signs that were not compliant with the

private parking lot sign posting law." Id. Appellant claims that because ultimately he was found not guilty of abandonment of vehicles pursuant to 75 Pa.C.S.A. § 3712, Financial Dimensions lacked authority to call the police to have the vehicle towed. Id. at 36-39.

Appellant then challenges the trial court's reasons for dismissing each of the individual counts of his complaint. Id. at 39-52. With regard to the first count of his complaint, Appellant claims the trial court erred in relying upon the Motor Vehicle Code in determining that there were no grounds for a civil action. Id. at 40. He suggests that he should be allowed to amend this count of the complaint from negligence to "civil conspiracy." Id. at 41. With regard to the second count of his complaint, i.e. interference with business and contractual obligations, Appellant claims that Financial Dimensions interfered with "the various contracts on the vehicle held by" his girlfriend. Id. at 43. Next, in relation to the third count of his complaint, Appellant argues that the trial court "misconstrued the count as a suggestion to conversion, when in reality it was trespass." Id. at 44. He claims the trial court erred in determining Financial Dimensions did not have possession of the car, but that he is, nevertheless, entitled to damages for "emotional and financial distress, forced payments to attain reversal of the initial criminal conviction, and largely, for the pain of inconvenience and embarrassment for publication on the docket as an alleged private parking lot law violator." Id. at 44-45. Finally, Appellant maintains that Financial Dimensions "had to have known it was committing an illegal act of

converting [] Appellant's property under the strict definition [] for conversion." Id. at 46.

Our standard of review is as follows:

> The standard of review of a grant of a motion for judgment on the pleadings is limited. A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible. Since this matter presents a legal question, the scope of review is plenary.

Dietz v. Chase Home Finance, LLC, 41 A.3d 882, 884 (Pa. Super. 2012).

"[J]udgment on the pleadings can be awarded on the basis that [an] appellant[] failed to state a cause of action." Aikens v. Baltimore and Ohio R. Co., 501 A.2d 277, 279 (Pa. Super. 1985) (citation omitted). "If [an] appellant[] attempt[s] to recover on a theory which is not recognized as a matter of law, a grant of judgment on the pleadings is proper." Id. "In such case, a trial would surely be a 'fruitless exercise.'" Id.

In this case, the trial court concluded:

> ### Count I
> I am dismissing this count because of violations of the provisions of the Motor Vehicle Code upon which [Appellant] relies do not serve as the basis for a civil damage action.
>
> ### Count II
> Count II is dismissed because the [c]omplaint does not set forth any facts that [Financial Dimensions] was aware of and intended to interfere with any contractual relationships.
>
> ### Count III
> This count fails to state a cause of action because [Financial Dimensions] never exercised possession of the subject vehicle. It was towed at the direction of the West Mifflin [P]olice [Department] and remained in its possession, custody, or control.

Count IV

[Appellant] appears to be seeking reimbursement for time and money lost in dealing with this matter. There is no case law that recognizes this claim.

Trial Court Order and Memorandum, 9/8/2016, at 1-2.

Based upon our standard of review, our examination of the certified record, and a survey of applicable law, we conclude that the trial court properly granted Financial Dimensions' motion for judgment on the pleadings and subsequent dismissal of the complaint with prejudice. Upon review, 75 Pa.C.S.A. § 3712 (abandonment of vehicles), does not contain an explicit, per se, or statutory right to recover damages for false misrepresentations to authorities when vehicles are towed from private property. Moreover, in alleging negligence in count I, Appellant failed to plead or prove that Financial Dimensions owed Appellant a duty. See Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270, 280 (Pa. 2005) ("[a] cause of action in negligence requires allegations that establish the breach of a legally recognized duty or obligation that is causally connected to the damages suffered by the complainant. The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff."). Here, Appellant has not shown, and our independent research has not revealed, a duty to a vehicle owner when supplying facts to the police regarding the removal of a vehicle from private property.

Next, "[o]ne who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract." Walnut Street Associates, Inc. v. Brokerage Concepts, Inc., 982 A.2d 94, 98 (Pa. Super. 2009) (citations omitted). The necessary elements of the cause of action are:

> (1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct.

Id. (citations omitted). Here, Appellant never alleged facts suggesting that Financial Dimensions knew who owned the vehicle, or about any existing contracts pertaining to the vehicle, when it was towed. Moreover, there was no evidence of an intent to harm or interfere with those contractual relationships. Financial Dimensions simply asked for a car to be towed off its private property. There is nothing of record to suggest that its motivation was to intentionally harm Appellant.

Appellant claims that the trial court misconstrued the third count of his complaint, considering it a claim for conversion, rather than an averment for "trespass upon person and moveable property." Appellant's Brief at 44. However, his citations to two inapplicable cases from 1795 and 1965, do not

lend support. See id. at 44. Moreover, upon review of count three of Appellant's complaint, he alleged that Financial Dimensions "committed theft" and "exercised unlawful control over [Appellant's] property with the intent of depriving him of it." Complaint, 4/11/2016, at 32, ¶¶ 37-38. As discussed below, the language in Appellant's complaint tracks the definition of conversion. "The classic definition of conversion under Pennsylvania law is 'the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification [and] the exercise of control over the chattel must be intentional.'" HRANEC Sheet Metal, Inc. v. Metalico Pittsburgh, Inc., 107 A.3d 114, 119 (Pa. Super. 2014) (citation omitted). Thus, the trial court properly treated the third count of Appellant's complaint as sounding in conversion. Moreover, we agree with the trial court's conclusion that Financial Dimensions never possessed the vehicle and, therefore, did not exercise control over it. Finally, we note that "the measure of damages for conversion is the market value of the converted property at the time and place of conversion[.]" Lynch v. Bridges & Co. Inc., 678 A.2d 414, 415 (Pa. Super. 1996). Thus, Appellant was not entitled to out-of-pocket expenses or for his time as alleged in count four of his complaint.

Finally, as mentioned, at count four of his complaint, Appellant sought reimbursement for his time and expenses in litigating this matter. Upon review of Appellant's appellate brief, Appellant solely argues that he is

entitled to damages for conversion. As stated, he would not be entitled to out-of-pocket expenses or monetary reimbursement of his time under a theory of conversion. Lynch, supra. Thus, the trial court was correct when it concluded that there was no case law recognizing Appellant's final claim. Moreover, we note that because there are no cognizable causes of action, Appellant is not entitled to any damages.

For all of the foregoing reasons, we conclude that the trial court properly granted judgment on the pleadings in favor of Financial Dimensions and aptly dismissed Appellant's complaint with prejudice.

Finally, we note that Appellant filed an application for relief with this Court on April 6, 2017. In that filing, Appellant suggests that his damages in this case total $67,729.57, which exceed the $50,000.00 limit on arbitration proceedings. Appellant's Petition to Set Aside Controversy Limit, 4/6/2017, at 3. However, because we determined that the trial court properly entered judgment on the pleadings in favor of Financial Dimensions, there is no controversy, rendering Appellant's request moot. See Warmkessel v. Heffner, 17 A.3d 408, 413 (Pa. Super. 2011) ("If an event occurs that renders impossible the grant of the requested relief, the issue is moot[.]").

Order affirmed. Appellant's petition to set aside judicial controversy limit for disposition of appeal and judgment denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   10/23/2017