Commonwealth of Pennsylvania, Department of Transportation, Plaintiff *v.* Shipley Humble Oil Company, a/k/a Shipley Humble, Inc. and The Mason and Dixon Lines, Inc., Defendants. The Pennsylvania Turnpike Commission, Additional Defendant.

Argued December 6, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John T. Kalita, Jr.,* Assistant Attorney General, with him *Stuart J. Moskovitz,* Assistant Attorney Gen-

eral, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*James W. Evans,* with him *Goldberg, Evans and Katzman,* for defendant, Mason & Dixon Lines, Inc.

OPINION BY JUDGE KRAMER, March 9, 1977:

This action was brought by the Department of Transportation of the Commonwealth of Pennsylvania against Shipley Humble Oil Company (Shipley) and the Mason and Dixon Lines, Inc. (Mason).[1]

The complaint is captioned "In Trespass" and it describes two accidents which occurred on March 22, 1973. Allegedly, the first accident occurred when a negligently operated vehicle owned by Shipley collided with a highway median barrier, overran the barrier, and came to rest in the opposite lane of the highway. The second alleged accident occurred when a negligently operated vehicle owned by Mason collided with the disabled Shipley vehicle, touching off an explosion of volatile substances carried by both vehicles. The explosion caused extensive damage to the median barrier, overhead signs and supports, and the paved road surface and berm.

The defendant Mason filed preliminary objections, in the form of a motion for a more specific pleading, asserting the plaintiff's failure to: (1) allege facts with sufficient particularity as to how the defendant operated its vehicle without due regard and care for the plaintiff's property as alleged in the complaint; (2) allege facts or specify which laws of the Commonwealth were violated as alleged in the complaint; and (3) aver with sufficient specificity the alleged damage to the plaintiff's property and to apportion the damages between each accident.

---

[1] The action is within this Court's original jurisdiction under Section 401(a)(2) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(2).

We have reviewed the pleadings in this case and agree with the defendant Mason that the complaint does indeed lack the required specificity.

Pa. R.C.P. No. 1019(a), 42 Pa. C.S.A., provides: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

A pleading must achieve the purpose of informing the court and the adverse party or parties of the matters in issue. Rule 1019(a) is satisfied if allegations in a pleading (1) contain averments of all facts the plaintiff will eventually have to prove in order to recover, and (2) *they are sufficiently specific so as to enable the party served to prepare a defense thereto. General State Authority v. Sutter Corp.*, 24 Pa. Commonwealth Ct. 391, 396, 356 A.2d 377, 381 (1976); *Baker v. Rangos,* 229 Pa. Superior Ct. 333, 350, 324 A.2d 498, 505-6 (1974).

Paragraph 9 of the complaint reads as follows:

9. The negligence of the Defendants, acting as aforesaid, consisted, inter alia:

(a) In operating said motor vehicles without due regard and care for the property of Plaintiff.

(b) In failing to have said motor vehicles under proper control so as not to damage the property of Plaintiff.

(c) In operating said motor vehicles at a high and excessive, dangerous rate of speed, under the conditions as aforesaid.

(d) In operating said motor vehicles in violation of the laws of the Commonwealth of Pennsylvania in such cases made and provided.

(e) In failing to stop said motor vehicles so as to avoid striking, colliding and otherwise damaging Plaintiff's property.

*Standing by themselves*, subparagraphs (a) and (d) clearly lack the requisite specificity. Allegation (a) is merely a legal conclusion unsupported by any allegation of fact. As to allegation (d), although a party need not specifically plead the Act of Assembly ostensibly violated, sufficient facts must be pleaded to bring the case within the appropriate statute. *Goldberg v. Friedrich*, 279 Pa. 572, 124 A. 186 (1924); *Godina v. Oswald*, 206 Pa. Superior Ct. 51, 211 A.2d 91 (1956). No facts are pleaded within subparagraph (d). Given the organizational form of paragraph 9, only the most strained reading of it would permit us to say that the "conclusions" in subparagraphs (a) and (d) are based upon the "facts" alleged in (b), (c) and (e). Even under such a strained reading, the specificity required to enable Mason to prepare its defenses would be lacking. Under such a reading, the linchpin of plaintiff's action against both the defendants would appear to be their failure to conform the operation of their vehicles to the standard of care required by the existing "conditions," referred to in subparagraph (c). Yet nowhere in the complaint are such "conditions" described. The proper degree of speed, control, and stopping distance are all largely dependent upon "conditions," and we hold that the defendant is entitled to be informed by the complaint of the nature of the "conditions" referred to.

With regard to the pleading of damages, two issues must be resolved: (1) whether damages must be apportioned between the two incidents described in the complaint; and (2) whether the defendant is entitled to an itemization of damages according to the type of property damaged.[2]

---

[2] The Commonwealth did attach to its complaint a breakdown of claimed damages into the type of cost incurred in repair, e.g. labor, materials, etc.

On the basis of the allegations in the complaint, we believe it clear that two distinct accidents occurred, and while defendant Shipley may eventually be found to be liable for all damages arising from both accidents,[3] defendant Mason cannot be held liable for the *initial* damage to the median barrier caused by the alleged collision of the Shipley vehicle with it. Mason's vehicle has not been alleged to have contributed in any way to the first accident. Thus, Mason's potential liability, as disclosed by the pleadings as they now stand, is limited solely to damages arising out of the collision of its vehicle with the Shipley vehicle. *See McGuire v. Hamler Coal Mining Co.,* 355 Pa. 160, 49 A.2d 396 (1946). We hold that the plaintiff must amend its complaint to apportion damages between the two accidents. *Stoops v. Pierce,* 3 D. & C. 2d 545 (1955).

Finally, we are of the opinion that Mason is entitled to an itemization of the alleged damages consisting of a breakdown of the cost of repair of each type or class of property damaged.[4] While we agree with the plaintiff that Pa. R.C.P. No. 1019(f)[5] applies only to *special* damages, which are not present in this case, Mason's preliminary objections were not confined to Rule 1019(f). Averments of damage may also be scrutinized under the specificity requirements of Rule 1019(a). *See General State Authority v. Sutter Corp., supra,* at 397-99, 397 n. 7, 356 A.2d at 382,

---

[3] *See Brazel v. Buchanan,* 404 Pa. 188, 193-94, 171 A.2d 151, 154-55 (1961); *Jeloszewski v. Sloan,* 375 Pa. 360, 365-66, 100 A.2d 480, 482 (1953); *Kline v. Moyer and Albert,* 325 Pa. 357, 363-64, 191 A.2d 43, 46 (1937).

[4] The complaint itself, in paragraph 8, provides an adequate form of classification of property damaged for the allocation of costs thereto: (1) median barrier, (2) overhead signs, (3) supports thereto, (4) paved road surface, and (5) paved shoulder or berm.

[5] Pa. R.C.P. No. 1019(f) provides: "Averments of time, place and items of special damage shall be specifically stated."

382 n. 7. *See also Cattarius v. Horn,* 77 Dauph. 8 (1961); *Rosenblum v. United Natural Gas Co.,* 14 D. & C. 2d 239 (1958). The itemization requested by Mason in this case would impose no undue difficulty upon the plaintiff and would not render the complaint prolix. We conclude that the plaintiff must amend its complaint to provide the requested itemization.

We sustain the preliminary objections of defendant Mason. The plaintiff will be given twenty days to amend its complaint.

Order

And Now, this 9th day of March, 1977, it is hereby ordered that the preliminary objections of the defendant Mason and Dixon Lines, Inc. are sustained without prejudice to the plaintiff to file an amended complaint within twenty days of this Order.