## Trent Financial Corporation v. Church

*Martin N. Ghen,* for plaintiff.
*Thomas J. Lacey,* for defendant.

DIGGINS, SR., J., June 21, 1978—This action was commenced by the filing of a complaint in mortgage foreclosure. Defendant timely answered and counterclaimed. Plaintiff timely responded.

Trial was held on November 17, 1977. Plaintiff presented the testimony of its president and admitted into evidence the loan commitment, an affidavit of purpose of loan and a copy of the mortgage. Defendant was called by plaintiff and admitted being the signatory of the above documents.

Defendant presented no testimony, arguing that the rate of interest is violative of the Pennsylvania Mortgage and Interest Rate Law of January 30, 1974, P.L. 94, as amended, 41 P.S. §301.

Two issues are framed by the parties:

I. Is defendant's failure to expressly plead that the business loan was not in excess of $10,000 fatal to his presentation of evidence of same at trial?

The purpose of pleadings is to inform the court and the adverse party of the matters in issue. Pa.R.C.P. 1019(b) is satisfied if allegations in a pleading (1) contain averments of all facts that plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable the party served to prepare a defense thereto: Dept. of Transportation v. Shipley Humble Oil Co., 29 Pa. Commonwealth Ct. 171, 370 A. 2d 438 (1977).

Defendant in his new matter and his counterclaim specifically avers that the interest rate charged is in excess of the maximum. Admittedly defendant did not cite the statute; however the act of assembly ostensibly violated need not be specifically averred if sufficient facts are pleaded to bring the case within the appropriate statute: Shipley, supra.

Clearly defendant's pleading served adequate notice that his defense and counterclaim were based on the Pennsylvania Mortgage and Interest Rate Law of 1974.

II. Does the loan transaction come within the exceptions to the maximum lawful interest rate?

The Pennsylvania Mortgage and Interest Rate Law provides for a maximum lawful interest rate. In the act certain transactions are excepted from the statutory maximum. 41 P.S. §301(f)(v) states

that this act shall not apply to business loans the principal amount of which is in excess of $10,000.

Therefore in order for the exception to be in effect the amount in issue must *exceed* $10,000. Such is not the case here. Even if the transaction in question is a bona fide business loan, it is still subject to the maximum rate since the amount is not in excess of $10,000. It is clear to the court that under the terms of 41 P.S. §301 the maximum legal interest rate applies to this transaction.

Sections 501 and 503 of the act fashion the remedy in excess interest cases. In conformance therewith this court holds that defendant is entitled to a set-off computed at triple the excess interest paid.

This court further holds that the bona fide principal amount was $7,750 since the funds in escrow were never actually disbursed to defendant.

Therefore defendant is entitled to a set-off computed at triple the difference of the interest paid ($2,472.97) and the lawful amount of interest payable at 9½ percent per annum on a principal of $7,750.00 ($635.96). Consequently defendant is entitled to a set-off in the amount of $5,511.03.

Since the balance remaining on the loan, with proper interest, is $4,010.80, defendant is entitled to judgment against plaintiff in the amount of $1,500.23.

And so we enter the following

## ORDER

And now, June 21, 1978, after hearing and consideration thereof, plaintiff's complaint is dismissed and judgment is entered on defendant's counterclaim in the amount of $1,500.23, plus costs.