## Witchey v. Lisi

*Robert D. O'Connor, Jr.,* for plaintiffs.
*J. Michael Williamson,* for defendant.

BROWN, *P.J.,* December 19, 1980—Plaintiffs have brought a complaint in trespass against several defendants seeking to recover actual and punitive damages that are alleged to have resulted from the construction of a home on land adjacent to land owned by plaintiffs. The present preliminary objections were raised by counsel for defendant Timothy R. Gates only.

The fifth count of plaintiffs' complaint, which includes Paragraphs 27 through 32, relates specif-

ically to Mr. Gates, with Paragraphs 1 through 25 being incorporated by reference by Paragraph 26. The fifth count alleges that defendant Gates or his agents entered upon plaintiffs' property and excavated plaintiffs' land and land adjacent to plaintiffs' property so as to leave insufficient support for plaintiffs' building. Paragraphs 29 and 30 allege that these acts were done wrongfully and negligently, while Paragraph 31 alleges that the acts were done wrongfully, intentionally, unreasonably and with reckless indifference to the rights of plaintiffs. Taking the complaint as a whole, these are the only allegations imputing wrongdoing to defendant Gates. Paragraph 31 of plaintiffs' complaint lists the damages alleged to have been sustained by plaintiffs as a result of defendant's acts, with subsection g claiming punitive or exemplary damages.

As noted by both plaintiffs' and defendant's counsel, Pennsylvania has adopted Restatement, 2d, Torts, §908, as the rule governing the allowance of punitive or exemplary damages. Accordingly, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Comment b to section 908 adds that "[p]unitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence."

Defendant Gates argues that plaintiffs' complaint fails to state a claim for which the relief of punitive damages can be granted because it fails to plead sufficient facts which would support a finding that defendant acted with an evil motive or reckless indifference to the rights of plaintiffs. Defendant therefore asks that subsection g of Paragraph

32, which requests punitive or exemplary damages, be stricken.

Pennsylvania is a fact pleading state and as such requires that the pleadings do more than merely give notice of the charges to be defended. See Pa.R.C.P. 1019. Additionally, though Pa.R.C.P. 1019(b) allows a condition of mind to be averred generally, that section was not meant to eliminate the requirement of pleading the factual circumstances giving rise to an inference as to the state of mind of the actor. See Clayton v. Cawley, 71 Berks 238 (1979); Nido v. Chambers, 70 D. & C. 2d 129 (1975); Ammlung v. Platt, 224 Pa. Superior Ct. 47, 302 A. 2d 491 (1973). There are no facts alleged in plaintiffs' complaint which would give rise to an inference that defendant Gates' conduct rose to the level of evil motive or reckless indifference to the rights of others as opposed to mere negligence for which punitive or exemplary damages cannot be awarded.

The appropriate remedy in cases where the complaint fails to state a claim for which relief may be granted is to sustain the preliminary objections. See Adams v. Rodfong, 7 D. & C. 3d 463 (1978); Com. v. Shipley Humble Oil Co., 29 Pa. Commonwealth Ct. 171, 370 A. 2d 438 (1977); Van Ingen v. Wentz, 70 D. & C. 2d 555 (1975).

## ORDER

And now, December 19, 1980, it is hereby ordered that defendant's preliminary objections be sustained, and that plaintiffs be given leave to file an amended complaint within 20 days in accordance with the foregoing memorandum.