## LaCivita v. Town & Country Bar and Grill

C.P. of Lawrence County, No. 10227 of 2014

*Susan M. Papa*, for plaintiff.

*Irving M. Portnoy* and *Carmen F. Lamancusa*, for defendant.

COX, *J.*, June 11, 2015—Before the Court for disposition are the Preliminary Objections filed on behalf of the defendant Town & Country Bar and Grill a/k/a Town & Country Lounge, 2550 Benjamin Franklin Highway, Edinburg, PA 16116, which argue that the Plaintiff's Complaint lacked specificity and the Complaint should be dismissed as the Plaintiff has failed to join indispensable parties to the current case.

On January 29, 2015, the plaintiff Melissa Louise LaCivita filed a Complaint, which averred the following facts: On March 28 and March 29, 2012, the Defendant's employees provided alcoholic beverages to James Karpik and R.J. Crawford at Town & Country Bar and Grill (hereinafter "Town & Country") when they were visibly intoxicated. On March 29, 2012, the Plaintiff was a passenger in a vehicle that was owned and operated by Mr. Karpik, who drove in a westerly direction on State Route 422. At the same time, Mr. Crawford operated a vehicle owned by Kandice Karpik also in a westerly direction on State Route 422. At 2:38 a.m., Mr. Karpik

attempted to maneuver his vehicle toward the center lane of State Route 422 when it was struck by the vehicle being operated by Mr. Crawford, who attempted to pass Mr. Karpik's vehicle. Mr. Karpik and Mr. Crawford were operating the motor vehicles after consuming alcoholic beverages at Town & Country, which, Plaintiff claims, rendered them incapable of safely operating the same.

On March 16, 2015, the Defendant filed Preliminary Objections asserting that the Plaintiff's Complaint lacks specificity as there are no averments concerning the manner in which Mr. Karpik and Mr. Crawford were operating the vehicles or how the alleged furnishing of alcoholic beverages by the Defendant's employees caused them to negligently operate the vehicles. Moreover, the Defendant argues that the Plaintiff's Complaint should be dismissed as the Plaintiff has failed to join Mr. Karpik and Mr. Crawford, who are indispensable parties, which deprived this Court of jurisdiction over the current case.

First, the Court will address the Defendant's Preliminary Objection concerning lack of specificity of the Plaintiff's Complaint.

The specificity of a pleading is governed by Pa.R.C.P. No.1019, which states "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pennsylvania is a fact-pleading jurisdiction, which requires the plaintiff to provide the defendant with notice of what the plaintiff's claim is and the grounds for the claim. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Com'n (PGC)*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (quoting *Sevin v. Kelshaw*, 417 Pa. Super. 1, 611 A.2d 1232,1235 (1992)). Additionally, the plaintiff must summarize the

facts essential to support the claims. *Id.* "The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624, 635 (Pa. Cmwlth. 2005) (citing *Department of Transportation v. Shipley Humble Oil Co.*, 29 Pa. Cmwlth. 171,370 A.2d 438 (1977)). The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses that are asserted in the case. *Krajsa v. Keypunch, Inc.*, 424 Pa. Super. 230, 236, 622 A.2d 355, 357 (1993). "The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and they must be sufficient to convince the court that the averments are not merely subterfuge." *In re Estate of Schofield*, 505 Pa. 95, 477 A.2d 473 (1984) (citing *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961); *Hornsby v. Lohmeyer*, 364 Pa. 271, 72 A.2d 294 (1950); *Rice v. Braden*, 243 Pa. 141, 89 A. 877 (1914)). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L. B. Smith, Inc.*, 69 Pa. D. & C. 2d 420, 423 (Pa. Com. Pl. Columbia 1974) (citing *General Acceptance Corp. v. Wilson*, 40 Northumb. L. N. 54).

In *Connor v. Allegheny General Hospital*, 501 Pa. 306, 311, 461 A.2d 600, 603 fn. 3 (1983) (citing *Arner v. Sokol*, 373 Pa. 587, 592-593, 96 A.2d 854, 856 (1953); *King v. Brillhart*, 271 Pa. 301, 114 A. 515, 516 (1921)), the Court determined that an averment stating, "otherwise fail[ed] to use due care and caution under the circumstances," lacked specificity and the defendant could have filed a motion to

strike off that statement, but chose not to do so. However, a complaint is sufficiently specific if the whole complaint contains material facts which set forth a cause of action. *Lipinsky v. Graham*, 88 Pa. D. & C. 156, 158 (Pa. Com. Pl. Mercer 1954). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L. B. Smith, Inc.*, 69 Pa. D. & C. 2d 420, 423 (Pa. Com. Pl. Columbia 1974) (citing *General Acceptance Corp. v. Wilson*, 40 Northumb. L. N. 54).

The Plaintiff's Complaint fails to set forth any averments establishing the activities of Mr. Karpik and Mr. Crawford which caused the motor vehicle accident other than Mr. Crawford attempted to pass Mr. Karpik. There is no indication that the drivers were operating the vehicles in an erratic manner, the passing was improper or, that Mr. Karpik improperly entered the center lane, nor are there allegations that their alleged intoxication caused them to place the Plaintiff at risk. The Complaint is also devoid of any averments asserting that the drivers were speeding, failed to utilize turn signals, or that the area was a passing or no-passing zone. In addition, the Plaintiff failed to adequately describe the location of the vehicles and the events that culminated in the vehicles colliding. The Defendant needs those facts so it can adequately prepare its defense to the Dram Shop Act claim being asserted by the Plaintiff as the drivers' conduct may demonstrate that they either were or were not visibly intoxicated at the time the Defendant's employees provided them alcoholic beverages. The Plaintiff failed to aver any details concerning Mr. Karpik and Mr. Crawford's actions while in Town & Country which indicated they were visibly intoxicated as required to establish a claim under the Dram Shop Act. Moreover, the lack of specific averments

in the Plaintiff's Complaint may permit impermissible amplification or alteration of the Plaintiff's claims as the litigation proceeds, which is not permitted pursuant to the *Connor* case. Therefore, the Defendant's First Preliminary Objection concerning lack of specificity is sustained and the Plaintiff is granted leave to amend her Complaint to provide more specific averments.

The Defendant also contends that the Plaintiff's Complaint should be dismissed as she failed to join Mr. Karpik and Mr. Crawford, who are indispensable parties, to the current litigation, which deprives the Court of jurisdiction over this matter.

"In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *Scherbick v. Community College of Allegheny County*, 479 Pa. 216, 220, 387 A.2d 1301, 1303(1978) (citing *Pocono Pines Corp. v. Pa. Game Com., Com. of Pa.*, 464 Pa. 17, 345 A.2d 709 (1975)). A court must determine whether, in the absence of the party, justice can be done in regards to the nature of the claims and the requested remedy. *Jacob v. Shultz-Jacob*, 923 A.2d 473, 480 (Pa. Super. 2007) (citing *Hubert v. Greenwald*, 743 A.2d 977, 979-980 (Pa. Super. 1999)). The Court must consider the following factors: "1) whether the party has a right or interest related to the claim; 2) the nature of the right or interest; 3) whether the right or interest is essential to the merits; and 4) whether justice can prevail without violating due process rights of the absent party." *Fiore v. Oakwood Plaza Shopping Center, Inc.*, 401 Pa. Super. 446, 462, 585 A.2d 1012, 1020 (1991) (citing *Waksmunski v.*

*Delginis*, 391 Pa. Super. 37, 44, 570 A.2d 88, 92 (1990)). A party is not indispensable where complete relief can be accorded among those parties already in the action and the party's absence will not impede his or her interest nor will the defendants be placed at risk for incurring multiple obligations. *Id.*

In the current case, the Plaintiff has filed suit against the Defendant arising from a motor vehicle accident involving vehicles being operated by Mr. Karpik and Mr. Crawford as the accident occurred after the two drivers were served alcoholic beverages at Town & Country. The Plaintiff did not join Mr. Karpik and Mr. Crawford as parties to the current litigation, which prompted the Defendant to file a preliminary objection for lack of jurisdiction based upon the Plaintiff's failure to join indispensable parties. It is incumbent upon the Court to examine whether Mr. Karpik and Mr. Crawford are indispensable parties to the current suit. It does not appear as though Mr. Karpik and Mr. Crawford have an interest in the current litigation as the Plaintiff is seeking to recover damages against the Defendant for violations of the Dram Shop Act and the Plaintiff is not seeking to recover from Mr. Karpik or Mr. Crawford for their alleged negligent operation of the motor vehicles. It must be noted that the Plaintiff is required to demonstrate that the alleged violation of the Dram Shop Act proximately caused her injuries, which includes demonstrating that Mr. Karpik and Mr. Crawford was visibly intoxicated and that intoxication led to the accident. *See Fandozzi v. Kelly Hotel, Inc.*, 711 A.2d 524, 525-526 (Pa. Super. 1998). However, this does not affect the rights of Mr. Karpik or Mr. Crawford as they would not be bound by any determination or

finding that they were negligent by ingesting alcohol and driving while intoxicated as they are not parties to this suit. Any finding of their negligent operation of the vehicles would only be utilized to demonstrate the alleged violation of the Dram Shop Act by the Defendant. As such, Mr. Karpik and Mr. Crawford's interests will not be adversely affected by their lack of participation in the current litigation.

The Defendant contends that it will be prejudiced by the absence of Mr. Karpik and Mr. Crawford in its ability to assert a defense of comparative negligence. The Plaintiff rebuts that assertion by citing to 42 Pa.C.S.A. § 7102(a.2), which states "the question of liability of any defendant or other person who has entered into a release with the plaintiff with respect to the action and who is not a party shall be transmitted to the trier of fact upon appropriate requests and proofs by any party." That section is inapplicable to the current matter as the Plaintiff has failed to establish that she entered into a release with Mr. Karpik and Mr. Crawford. Notwithstanding the failure to establish that releases have been executed, the Court finds that the Defendant will retain the ability to present a defense of comparative negligence, if it is able to provide the Court with the appropriate requests and proofs similar to the procedure in 42 Pa.C.S.A. § 7102(a.2). Hence, the failure to join Mr. Karpik and Mr. Crawford does not materially alter any parties' ability to protect its rights and justice will be permitted to prevail in the absence of Mr. Karpik and Mr. Crawford.

For the reasons set forth in this Opinion, the Defendant's Preliminary Objections are sustained in part and overruled in part. The Defendant's Preliminary Objection for lack of specificity is sustained and its

Preliminary Objection for failure to join indispensable parties is overruled.

## ORDER OF COURT

NOW THIS 11th day of June, 2015, this case was before the Court on May 26, 2015, for oral argument on the Preliminary Objections filed by the Defendant, both parties appeared through counsel, the Plaintiff, Melissa Louise LaCivita, represented through counsel, Susan M. Papa, Esquire and the Defendant Town & Country Bar and Grill a/k/a Town & Country Lounge, represented through counsel, Irving M. Portnoy, Esquire and after consideration of the argument and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the Court enters the following Order and it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. In accordance with the attached Opinion, the Preliminary Objections filed by the Defendant are hereby SUSTAINED in part and OVERRULED in part.

2. The Preliminary Objection for Lack of Specificity is hereby SUSTAINED.

3. The Preliminary Objection for Failure To Join Indispensible Parties is hereby OVERRULED.

4. The Plaintiff shall file an Amended Complaint within twenty (20) days after date of receipt of this Order of Court.

5. Upon receipt of the Amended Complaint the Defendant can choose to file new Preliminary Objections or if no Preliminary Objections are filed, Defendant shall file an Answer within twenty (20) days after the filing of the Amended Complaint.

508

6. The Prothonotary is directed to serve a copy of this Order of Court upon counsel of record, Susan M. Papa, Esquire, Irving M. Portnoy, Esquire and Carmen F. Lamancusa, Esquire.