IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Edwards,                                      :
             Appellant           :
                                                     :
          v.                          :
                                                     :
Beaver County Career and Technology    :
Center, Eric Rosendale, Individually and :
on Behalf of The Beaver County Career  :
and Technology Center and Joseph D.    :
Shaulis, Esquire, Individually and on    :    No. 484 C.D. 2019
Behalf of Weiss Burkardt Kramer, LLC   :    Argued: February 11, 2020


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: March 9, 2020


        Robert Edwards (Edwards) appeals from the order dated March 22, 2019 of the court of common pleas of Beaver County (trial court) granting summary judgment in favor of Beaver County Career and Technology Center (School), Eric Rosendale (Rosendale), Joseph D. Shaulis, Esquire (Shaulis) and Weiss Burkhardt Kramer, LLC (Weiss), and dismissing Edwards' Amended Complaint. Upon review, we affirm.

On or about August 23, 2010, the School, a public vocational school,[1] hired Edwards as its full-time principal. Amended Complaint ¶ 8. On November 6, 2015, Edwards submitted a job application for the position of Administrative Director with the School. *Id*. ¶ 9. The School conducted an investigation into Edwards' application, led by Shaulis, an attorney with Weiss, acting as the School's solicitor. *Id*. ¶ 11. On December 4, 2015, the School, through Shaulis, served Edwards with notice of a *Loudermill* hearing[2] and advised him of the date, time and location of the scheduled hearing. *Id*. ¶ 10.

At the *Loudermill* hearing, Shaulis represented the School as its solicitor and Rosendale attended as the Chief School Administrator for the School. Transcript of Proceedings (Transcript) dated 12/16/15 at 2. Edwards attended and was represented by his own counsel. *Id*. at 2-3. The School alleged that Edwards used three reference letters in support of his application for the Administrative Director position that were not written by and/or not authorized by the purported references. *See* Amended Complaint, Ex. A, Summary of Facts and Statement of Charges ¶ 14. The School alleged that Edwards' conduct, in relevant part, "constitutes immorality and a persistent and willful violation of or failure to comply with school laws of this Commonwealth, including official directives and established policy of the board of directors" as provided in Section 1122 of the

---

[1] The activities of the School are governed by the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-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.

[2] "A *Loudermill* hearing is a pre-termination hearing given to a public employee that is required by due process, as established in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 [(1985)]." *New Kensington-Arnold Sch. Dist. v. New Kensington-Arnold Educ. Ass'n*, 140 A.3d 726, 728 n.6 (Pa. Cmwlth. 2016).

Public School Code of 1949 (School Code),  24 P.S. § 11-1122.[3]  Amended Complaint, Ex. A, Summary of Facts and Statement of Charges ¶ 15.

Edwards explained at the *Loudermill* hearing that he had used the three reference letters earlier that year, in June 2015, as part of an application for another position.  Transcript at 21-22.  Edwards claimed he had an "understanding" with his purported references that he could use those individuals as references any time he applied for a job and, accordingly, he did not obtain new letters or ask the purported references if he could use the old letters for his application for the Administrative Director position.  *Id*. at 27-28 & 35.  Edwards denied that he was being deceptive or that he said anything untrue in his application for the Administrative Director position.  *Id*. at 28.  Edwards further denied that his actions in the application process were immoral or violated the School Code, and Edwards testified that he withdrew his name as an applicant for the Administrative Director position given the confusion with the reference letters.  *Id*. at 37.

Edward's counsel argued at the *Loudermill* hearing that, based on Edwards' testimony, discipline was not warranted because Edwards had no intent to

_____

[3] Section 1122 of the School Code provides:

> The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality; incompetency; unsatisfactory teaching performance . . . intemperance; cruelty; persistent negligence in the performance of duties; wilful neglect of duties; physical or mental disability. . . advocation of or participating in un-American or subversive doctrines; conviction of a felony or acceptance of a guilty plea or nolo contendere therefor; persistent and wilful violation of or failure to comply with school laws of this Commonwealth, including official directives and established policy of the board of directors; on the part of the professional employe . . . .

24 P.S. § 11-1122.  A principal is a professional employee.  Section 1101(1) of the School Code, 24 P.S. § 11-1101(1).

3

deceive, the reference letters were not required as part of the application and were "mere surplusage," the letters were not going to serve as a basis for his hiring, and the job application did not relate to Edwards' job performance as principal. Transcript at 42-43. Shaulis closed the hearing stating:

> [T]he administration and the joint operating committee[4] will take the information that you have provided under advisement. The decision regarding your employment will be made as soon as possible, and . . . Edwards will be informed through counsel when that decision is made.

*Id*. at 44-45.

Over a month after the *Loudermill* hearing, on January 28, 2016, Edwards and the School entered into a Settlement Agreement and Release (Settlement Agreement). The pertinent terms of the Settlement Agreement provided that Edwards would resign from employment with the School "effective at the close of business on April 4, 2016, or immediately upon [Edwards'] receipt of service credit from the Public School Employees' Retirement System (PSERS) for prior school service in the Commonwealth of Virginia, whichever is sooner . . . ." Settlement Agreement ¶ 1. In exchange for his resignation, the School agreed not to pursue termination under the School Code and to place Edwards on "paid leave at one-half salary effective January 28, 2016, until his resignation takes effect." *Id*. ¶ 2B. By letter dated January 27, 2016, Edwards resigned from his employment with the School effective the sooner of the close of business of April 4, 2016 or immediately upon his receipt of service credit from PSERS. *See* Letter to Eric G. Rosendale, Ed. D., Chief School Administrator from Edwards dated 1/27/16; Reproduced Record (R.R.) at 703a.

---

[4] The School's Board of Directors is also known as the Joint Operating Committee (JOC). Settlement Agreement and Release dated 1/28/16 ¶ 4.

4

In February 2016, Edwards received notification from PSERS regarding the number of years of service he could purchase for his prior service in Virginia. *See* Letter to Edwards from PSERS dated 2/9/16; R.R. 767a. Edwards disputed PSERS' decision not to credit him with 2.8 years of service. *See* Letter to PSERS from Edwards dated 3/14/16; R.R. 768a. Prior to a final decision on the 2.8 years of service credit, on March 1, 2016, the School terminated Edwards' compensation and health care benefits. Amended Complaint ¶¶ 22-23. In response, on March 22, 2016, Edwards submitted a letter purporting to rescind his resignation effective immediately and demanding a hearing pursuant to Pennsylvania law. *See* Letter to Joint Operating Committee (JOC) from Edwards dated 3/22/16; R.R. 139a. Edwards alleges that the School "has failed or refused to provide [him] with due process . . . ." Amended Complaint ¶ 25.

Almost a year later, on February 6, 2017, Edwards and his wife[5] filed a six-count complaint in the trial court against the School, Rosendale, Shaulis and Weiss. Shaulis, Weiss, the School and Rosendale filed preliminary objections to Edwards' Complaint requesting dismissal. *See* Shaulis and Weiss' Preliminary Objections to Complaint; *see also* School and Rosendale's Preliminary Objections to Complaint. The trial court considered the preliminary objections together and, by order dated September 5, 2017, granted in part and denied in part the objections. *See* Trial Court Order dated 9/5/17. Of significance here, the trial court explained:

> [Edwards' and his wife] contend [that Edwards] rescinded
> his resignation on March 22, 2016 and requested a hearing
> before the school board in accordance with the provisions

---

[5] The trial court dismissed Edwards' wife as a party to the matter because there were no facts alleged in the Complaint relating to her. Trial Court Opinion dated 9/5/17 at 15 & Trial Court Order dated 9/5/17 ¶ 4.

of the . . . School Code . . . . According to paragraph 25 of the Complaint, [Edwards] was denied a hearing. There is no allegation in the Complaint to establish that [Edwards] ever appealed to the Secretary of Education pursuant to [Section 1131 of the School Code], 24 P.S. § 11-1131.

Trial Court Opinion dated 9/5/17 at 11 (citations omitted). In light of these facts, the trial court concluded that Edwards failed to exhaust his administrative remedies and dismissed Count II, alleging a violation of the School Code against the School, Count III, alleging a violation of due process against the School, Shaulis and Weiss, and Count VI, requesting mandamus relief to compel the School to provide Edwards with a termination hearing. Trial Court Order dated 9/5/17 ¶ 2B. The trial court did not dismiss Count I, Edwards' breach of contract claim against the School, and gave Edwards leave to amend his Complaint with regard to Counts IV and V, his defamation claims, to render them more specific. Trial Court Order dated 9/5/17 ¶ 2A, C, & D. Additionally, the trial court stated:

> If [Edwards] opts to file an Amended Complaint in accordance with the dictates of this Court's Memorandum Opinion entered this same date, and at the same time pursue his administrative remedies under the . . . School Code as discussed in this Court's Memorandum Opinion entered this same date, he shall advise the Court of that decision so that this case can be stayed pending pursuit of his available administrative remedies. [Edwards] shall file an Amended Complaint within twenty (20) days of the date of this Order.

Trial Court Order dated 9/5/17 ¶ 3.[6]

---

[6] Additionally, as to the breach of contract claim in Count I against the School and Rosendale, the trial court concluded that there were issues of fact that had to be resolved in discovery and allowed the claim to proceed. Trial Court Opinion dated 9/5/17 at 9 & Trial Court

6

Pursuant to the Court's order, on October 16, 2017, Edwards filed a four-count Amended Complaint. In Count I, Edwards brought a claim for breach of contract against the School alleging that it breached its duty by terminating Edwards' health care benefits and compensation prior to April 4, 2016. Amended Complaint ¶¶ 29-30. In Count II, Edwards brought a claim against Shaulis and Weiss alleging a due process violation pursuant to the School Code because Shaulis, as an agent of Weiss, acted as solicitor for the School though he had an existing conflict of interest. *Id*. ¶¶ 32-33. Finally, in Count III Edwards alleged defamation against Shaulis and Weiss and in Count IV Edwards alleged defamation against Rosendale based on statements allegedly made to the Commonwealth of Pennsylvania Department of Education that Edwards had engaged in criminal conduct that damaged his character and reputation in the community and harmed his ability to obtain future employment. *Id*. ¶¶ 37-38 & 41-43.

After Edwards filed his Amended Complaint, on October 27, 2017, Edwards, through counsel, requested a hearing before the Secretary of Education. *See* Letter to Pedro A. Rivera, Secretary for the Department of Education by John A. Havey, Esquire dated 10/25/17; R.R. 704a-05a. In the hearing request, Edwards' counsel explained that pursuant to the trial court's opinion and order of September 9, 2017, they were "seeking to exhaust . . . Edwards' administrative remedies by requesting a hearing to determine his employment status." *Id*. In response to Edwards' request, a hearing was scheduled for November 30, 2017, but Edwards withdrew his appeal and the hearing was cancelled. *See* Letter to John A. Havey,

---

Order dated 9/5/17 ¶ 2A. Edwards agreed to dismiss the breach of contract claim against Shaulis and Weiss as they were not parties to the Settlement Agreement. Trial Court Order dated 9/5/17 ¶ 1A.

Esquire, by Jonathan W. Kunkel, Hearing Officer dated 11/30/17; R.R. 709a.[7] Following discovery in the civil action before the trial court, the School, Shaulis, Rosendale, and Weiss filed motions for summary judgment seeking dismissal of Edwards' Amended Complaint. The trial court, after argument on the matter, granted the motions for summary judgment and dismissed the Amended Complaint. Trial Court Order and Opinion dated 3/22/19. Edwards brought this appeal.[8]

Before this Court, Edwards does not make an argument regarding the trial court's dismissal of Counts III and IV, the defamation claims. Although Edwards challenged the trial court's decision to dismiss the defamation claims in his statement of errors complained of on appeal, *see* Statement of Matters Complained of on Appeal ¶ 2, he failed to identify this issue in his brief to this Court or to provide any argument or analysis relating to the dismissal of these counts. Therefore, Edwards waived his challenge to the trial court's decision regarding Counts III and IV. *See* Pa.R.A.P. 2116(a) (stating "[n]o question will be considered unless it is

_____

[7] Edwards testified that he withdrew his request because he "decided that proceedings in the local court" would be better for his "situation." Edwards' Deposition dated 5/18/18 at 202.

[8] Initially, we note:

> [s]ummary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Summary judgment is proper in cases in which an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury. . . . We view the record in a light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Jones v. Se. Pa. Transp. Auth.*, 772 A.2d 435, 438 (Pa. 2001) (citations and quotations omitted). This Court's scope of review of an order granting summary judgment is plenary. *Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221 (Pa. 2002). "Our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or clearly abused its discretion." *Id*.

8

stated in the statement of questions involved or is fairly suggested thereby"); Pa.R.A.P. 2119(a) (stating, "[t]he argument shall be divided into as many parts as there are questions to be argued . . . followed by such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Feineigle*, 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997) (stating, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof").

Edwards raises three issues for our consideration. First, Edwards argues on appeal that the "[School's] attempted termination of [Edwards] was void *ab initio* because its solicitor position was vacant, so all activities performed by . . . Shaulis . . . prior to, during and after the *Loudermill* hearing were *ultra vires*." Edwards' Brief at 4 & 18. Edwards argues that the trial court erred in dismissing his due process claim against Shaulis and Weiss because Shaulis was not properly authorized as the solicitor pursuant to the School Code and, therefore, all of his actions should be set aside. *Id*. at 18. In his brief, Edwards supports this assertion by relying on Section 406 of the School Code, *id*. at 18-19, which provides for the appointment of a solicitor as follows:

> Each board of school directors may appoint a solicitor, such assistant solicitors and such other appointees, clerks or employes as it may deem proper, none of whom . . . shall be a member of the board, and shall define their duties and fix their salaries.

24 P.S. § 4-406. Edwards contends that on December 15, 2015, JOC attempted to appoint a solicitor, but the votes resulted in ties and no further action was taken to appoint a solicitor until a year later in December 2016. Edwards' Brief at 20. Edwards asserts that on December 16, 2015, the date of the *Loudermill* hearing, the solicitor position was vacant. Edward, therefore, claims:

9

[t]he hearing was a nullity, and the [School] could not deprive [Edwards] of his principal job. The [S]ettlement [A]greement and [Edwards'] resignation, which flowed from that irregular hearing, *should be set aside*.

On March 26, 2016, [Edwards] rescinded his resignation and demanded that the [School] afford him a hearing. . . . *This Court should grant him that relief and order that he be afforded a full hearing*.

*Id*. (Emphasis Added.) Shaulis and Weiss counter that a school solicitor has "no authority to make decisions or contractually bind the School" because the solicitor is not permitted to be a member of the School's Board, and therefore, the solicitor's acts could not invalidate an agreement between Edwards and the School. Shaulis & Weiss's Brief at 19-20.

This Court, however, need not address Edwards' argument that the solicitor's acts were *ultra vires*. As the trial court points out in its opinion, "[w]ith regard to the due process violation in Count II, [Edwards'] *only claim* is that Shaulis and Weiss had a conflict of interest by acting as solicitor for [the School] and advisor to [JOC] at the same time." Trial Court Opinion dated 3/22/19 at 11 (emphasis added). Specifically, Edwards alleged in his Amended Complaint[9] that Shaulis acted "in the capacity of solicitor for [the School], and advisor to the [JOC]." Amended

---

[9] Count II of the Amended Complaint provides:

31. Paragraphs 1-30 are incorporated by reference as if fully set forth herein.
32. At all relevant times, Shaulis, as an agent of Weiss, acted in the capacity of solicitor for [the School], and advisor to the [JOC].
33. [Shaulis and Weiss's] actions ignoring the existing conflict of interest violated Edwards['] due process rights guaranteed to him by 24 Pa.C.S.[ ]. §1101.
34. [Shaulis and Weiss's] actions have caused damage to Edwards.

Amended Complaint ¶¶ 31-34; R.R. 267a.

Complaint ¶ 32. Edwards further alleged that Shaulis's and Weiss's actions "ignoring the existing conflict of interest" violated Edwards' due process rights and caused damage to Edwards. *Id.* ¶¶ 33-34. However, Edwards did not allege any facts in his Amended Complaint challenging Shaulis's or Weiss's authority to act as the solicitor or raise any claim that the solicitor position was vacant and the Settlement Agreement was void because the actions of the solicitor were *ultra vires*. The first time that Edwards raised this claim was in his reply to Shaulis's and Weiss's motion for summary judgment. Reply in Opposition to Motion for Summary Judgment ¶ 4(a). As such, the trial court did not have this claim properly before it.

Pennsylvania is a fact-pleading state. *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008). "A complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issue by summarizing those facts essential to support the claim." *Id.* Pennsylvania Rule of Civil Procedure Number 1019(a) governs pleadings and provides that the *material facts on which a cause of action* is based "shall" be stated in a concise and summary form. Pa. R.C.P. No. 1019(a) (emphasis added). Rule 1019(a) specifically requires the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case. *Lerner*, 954 A.2d at 1236. The allegations meet the requirements of Rule 1019 if they (1) contain averments of all the facts the plaintiff will eventually have to prove in order to recover and (2) are sufficiently specific to enable the defendant to prepare his defense. *Id.* The Amended Complaint does not contain any assertion that the solicitor did not have authority to act or that the Settlement Agreement was void as a result. Rather, the Amended Complaint actually states that Shaulis was acting as the solicitor and

11

maintains that the Settlement Agreement between the parties was valid and binding. Amended Complaint ¶¶ 13, 27-30 & 32.

Here, even if Edwards could prove that the JOC did not properly appoint Shaulis as solicitor, that the School Code required the appointment as a matter of law, that Shaulis's actions' were *ultra vires*, and that the Settlement Agreement between the parties was void, Edwards never made these allegations in his Amended Complaint. Therefore, we cannot address the claim as it was never properly before the trial court. *See* Pa. R.C.P. No. 1019(a) (providing that the material facts on which a cause of action is based must be plead in the complaint); *Lerner*, 954 A.2d at 1236; *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa. Super. 1993) (explaining that purpose of rules of pleading is to allow the parties to use their own professional discretion to ascertain claims asserted in a case and the purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of "deciphering the cause of action from a pleading of facts which obscurely support the claim in question"). In reviewing a grant of summary judgment by the trial court, this Court cannot find that an issue of material fact remains outstanding as to facts that were never alleged. *See supra* note 8.

Edwards' second argument is that he was deprived of his due process rights because Shaulis acted in both a prosecutorial and an adjudicatory function prior to, during and after the *Loudermill* hearing and then threatened Edwards with imminent dismissal, thereby coercing him to sign the Agreement. Edwards' Brief at 21. Edwards asserts that Shaulis investigated the case at the "behest" of the School administration, prepared the *Loudermill* notice, actively participated in the *Loudermill* hearing including cross-examining Edwards, listened to Edwards' defense, and gave "legal advice" to the JOC and Rosendale concerning the case after

12

the hearing. *Id*. at 24-25. Edwards contends that Shaulis and Rosendale "advised him that he was going to be suspended without pay and then terminated" and "coerced a [S]ettlement [A]greement, which he later rescinded." *Id*. at 22 & 25. Edwards further argues:

> [when] [f]aced with this obvious deprivation of Due Process rights at the hands of one man who had served as investigator, prosecutor, and judge and would soon serve as jury and executioner, he did what seemed reasonable under the circumstances—he cut the best deal that he could. The Court should agree, however, that the proceedings against him were void *ab initio* because [Shaulis] was not a duly appointed solicitor for the [JOC]. The [S]ettlement Agreement was coerced only after a *Loudermill* hearing in which [Edwards] was deprived of his Due Process right as a result of the commingling of prosecutorial and adjudicatory functions.

*Id*. at 25-26 (emphasis added). Edwards "insists that he is entitled to an adjudication that his rights have been violated" and that he is "entitled to an award of damages for all salary and benefits caused by his being coerced into signing" the Settlement Agreement. *Id*. at 26.

To support his due process claim, Edwards relies upon *Lyness v. State Board of Medicine*, 605 A.2d 1204 (Pa. 1992), wherein the Pennsylvania Supreme Court held that a violation of due process occurs when an administrative board renders a decision to prosecute a matter and then the same board renders the final adjudication in that matter. *Id.* at 1208. However, *Lyness* does not apply to school boards acting as employers. *See Katruska v. Bethlehem Ctr. Sch. Dist.*, 767 A.2d 1051, 1056 (Pa. 2001) (explaining that there exists an "inherent potential for bias on the part of school boards" because of the "dual functions they serve in acting as both

prosecutor and judge" but *Lyness* does not apply because the School Code provides an adequate process to remedy any due process violation including a right to a *de novo* hearing before the Secretary of Education to ascertain whether termination is correct, which is subject to judicial review); *see also Harmon v. Mifflin Cty. Sch. Dist.*, 651 A.2d 681, 685-86 (Pa. Cmwlth. 1994) (explaining that *Lyness* does not apply when school boards terminate employees because the School Code provides a right to a hearing, subject to judicial review, thereby "ensuring against the risk of arbitrary action"); *accord McDaniels v. Flick*, 59 F.3d 446, 459-60 (3d Cir. 1995) (explaining that the pre-termination *Loudermill* hearing "merely serves as an 'initial check against mistaken decisions'" and an impartial *Loudermill* hearing is not necessary as long as the state provides a "neutral tribunal at the post-termination stage"). As such, Edwards is not entitled to an impartial *Loudermill* hearing where, as here, the School Code provides him with a forum to obtain a *de novo* hearing before an impartial adjudicator, the Secretary of Education, after a decision regarding termination is rendered. *See* Section 1131 of the School Code, 24 P.S. § 11-1131 (providing right to *de novo* hearing before Secretary of Education).

Assuming, arguendo, that the Settlement Agreement is void because Shaulis's actions as solicitor were *ultra vires*, as Edwards now claims, or that Edwards was, then, coerced into signing the Settlement Agreement, Edwards was effectively terminated or constructively discharged. Edwards' objection to such termination or constructive discharge should have been raised before the Secretary of Education, not the trial court. *See Black v. Bd. of Dir. of West Chester Area Sch. Dist.*, 510 A.2d 912 (Pa. Cmwlth. 1986) (holding that where professional employee alleged that his demotion was void and school board denied request for hearing, remedy for school board's refusal of hearing seeking reinstatement and back pay

14

was an appeal to the Secretary of Education). This Court has previously explained that a person who resigns involuntarily under a constructive discharge situation has available School Code remedies. *See Dotterer v. Sch. Dist. of Allentown*, 92 A.3d 875, 883 (Pa. Cmwlth. 2014) (citing *Black*, 510 A.2d at 912); *see also Migliore v. Sch. Dist. of Phila.* (Pa. Cmwlth., No. 1663 C.D. 2012, filed June 18, 2013);[10] *accord* 24 P.S. § 11-1131. "[O]ur Supreme Court has ruled that the exclusivity of the procedural remedies provided by Sections 1127 to 1131 of the School Code, 24 P.S. §§ 11-1127-11-1131, precludes abandonment of statutory procedures in favor of an action in the court of common pleas." *Dotterer*, 92 A.3d at 882. To this end, had Edwards raised his claim with the Secretary of Education, he could have obtained the hearing he requests this Court to order in addition to his request for salary and benefits lost as a result of the alleged termination. *See Black*, 510 A.2d at 915-16 (concluding that the "relief requested by appellant, namely, reinstatement with back pay, is within the authority of the Secretary to so award."). Assuming that Edwards was deprived of due process, he failed to exhaust his administrative remedies. *See Dotterer*, *Black.*

This is particularly apparent here where the record shows that the trial court gave Edwards an opportunity to obtain a hearing before the Secretary of Education when it dismissed Edwards' initial complaint. The trial court expressly provided in its September 5, 2017 order that Edwards may file an amended complaint and "at the same time pursue his administrative remedies under the . . . School Code." Trial Court Order dated 9/5/17 ¶ 3. After receipt of the trial court's September 5, 2017 order, Edwards availed himself of that right by requesting a

---

[10] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

hearing with the Secretary of Education. *See* Letter to Pedro A. Rivera, Secretary for the Department of Education by John A. Havey, Esquire, dated 10/25/17; R.R. 704a-05a. Though Edwards' request was granted, on the day of the scheduled hearing, he chose to withdraw his appeal. *See* Letter to John A. Havey, Esquire, by Jonathan W. Kunkel, Hearing Officer dated 11/30/17; R.R. 709a. Edwards, instead, elected to pursue his civil action before the trial court. Edwards' Deposition dated 5/18/18 at 202. In response to Edwards' argument that his due process rights were violated due to Shaulis's conflict of interest, by acting as solicitor for the School and advisor to the JOC, the trial court stated that Edwards was aware of any alleged conflict of interest between the time of the *Loudermill* hearing and his resignation, but never raised the issue despite having representation. Trial Court Opinion dated 3/22/19 at 23. The trial court further noted, "it is hard to conceive of any argument of an alleged due process violation after the Court granted [Edwards] leave to pursue an appropriate administrative hearing to see if he could be reinstated, which he abandoned in the infant stages." *Id*. at 24. We agree. We have no basis upon which to find error by the trial court in dismissing Count II, Edwards' due process claim against Shaulis and Weiss, when Edwards failed to exhaust his administrative remedies. *See Dotterer*, 92 A.3d at 882.

Edwards' final contention before this Court is that the trial court "erroneously" granted summary judgment on Count I of his Amended Complaint[11]

---

[11] Count I of the Amended Complaint provides:

26. Paragraphs 1-25 are incorporated by reference as if set forth at length herein.
27. At all relevant times prior to April 4, 2016, Edwards fully performed pursuant to the terms of the Agreement.

16

alleging breach of contract against the School. Edwards argues that the JOC took "no action other than approving the [S]ettlement [A]greement and resignation." Edwards' Brief at 27. Edwards now claims that the act of terminating his benefits was rendered "void and unenforceable" because it was done without adherence to Section 508 of the School Code, 24 P.S. § 5-508, which requires the affirmative vote of a majority of all the school board members, duly recorded, showing how each member voted. *Id.* at 28-29. Edwards further argues in his brief that the JOC "allowed others to take official action and ignored the [S]unshine [A]ct[12] and [S]chool [C]ode with reference to the solicitor's appointment and the termination of benefits as well as deferring to others to establish the terms and conditions of the implementation of the Settlement Agreement." *Id.* at 29. Edwards asserts that this Court "should agree" that the "[School's] failure to bring the termination of [Edwards'] compensation to a vote of [the JOC] renders such an act void and unenforceable." *Id.*

This Court, however, need not address Edwards' argument that the School's conduct is void for failing to vote before taking action to terminate his benefits, because Edwards did not allege these facts or this claim in his Amended

---

28. [The School] held a duty to ensure Edwards' continued health care coverage and remuneration pursuant to the terms and conditions of the Agreement.

29. [The School] breached [its] duty to Edwards by terminating his health care benefits and compensation prior to April 4, 2016 or prior to receiving credit from PSERS.

30. As a result of the breach by [the School], Edwards has suffered damages [in] excess of $6,000.00 in hospital bills from [his] son's medical treatment during the first week of April 2015.

R.R. 266a-67a.

[12] 65 Pa.C.S. §§ 701-716.

Complaint. In his Amended Complaint, Edward brings a breach of contract claim. Edwards alleges that the School, through the actions of Weiss and/or Rosendale, terminated his health benefits and compensation in violation of the Settlement Agreement. Amended Complaint ¶¶ 22-23 & 27-30. Edwards' Amended Complaint does not allege a violation of the School Code or the Sunshine Act, nor does it plead sufficient facts to bring a claim within those statutes. *See Dep't of Transp. v. Shipley Humble Oil Co.*, 370 A.2d 438, 440 (Pa. Cmwlth. 1977) (stating, "although a party need not specifically plead the Act of Assembly ostensibly violated, sufficient facts must be pleaded to bring the case within the appropriate statute"). As previously stated, in reviewing a grant of summary judgment by the trial court, this Court cannot find that an issue of material fact remains outstanding as to facts that were never alleged. *See supra* note 8. Therefore, Edwards' assertion that the trial court erred by granting summary judgment is without merit, and we find no error by the trial court when it decided to dismiss the breach of contract claim asserted against the School in Edwards' Amended Complaint. *See* Pa.R.C.P. No. 1019(a); *Lerner*, 954 A.2d at 1236; *Krajsa*, 622 A.2d at 357.

For the foregoing reasons, we affirm the trial court's decision to grant summary judgment and dismiss Edwards' claims.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Edwards,                          :
              Appellant               :
                                  :
        v.                                 :
                                    :
Beaver County Career and Technology   :
Center, Eric Rosendale, Individually and :
on Behalf of The Beaver County Career  :
and Technology Center and Joseph D.    :
Shaulis, Esquire, Individually and on    :    No. 484 C.D. 2019
Behalf of Weiss Burkardt Kramer, LLC  :

## O R D E R

AND NOW, this 9th day of March, 2020, the March 22, 2019 order of the Court of Common Pleas of Beaver County granting summary judgment in favor of Beaver County Career and Technology Center, Eric Rosendale, Joseph D. Shaulis, and Weiss Burkhardt Kramer, LLC, and dismissing Robert Edwards' Amended Complaint is AFFIRMED.

                                          _____
                                          CHRISTINE FIZZANO CANNON, Judge